IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


BOBBY R. McDONALD,                                                                         PLAINTIFF

v.                                                                         Civil Action No.: 3:04CV97-SAA

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                           DEFENDANT


**MEMORANDUM OPINION**


This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Bobby R. McDonald for disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff applied for benefits on or about March 14, 2002, and alleged that he became disabled on March 10, 2002, due to congestive heart failure, for which he was hospitalized. The request was denied, and plaintiff sought review by an administrative law judge ("ALJ"). In an opinion dated January 22, 2004, the ALJ found the plaintiff was not disabled and denied his request for benefits. (R. 12-20.) On March 25, 2004, the appeals council found no basis for review of the ALJ's decision. (R. 4-6.) The plaintiff now appeals to this court. The parties consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned has authority to address the issues raised in this appeal and issue the instant opinion and final judgment.

The plaintiff was born on December 17, 1966, and he was thirty-seven (37) years of age at the time of the hearing before the ALJ in this case. Plaintiff finished the tenth grade and obtained a GED, and his employment experience is limited to having worked in the shipping

department of Kensington Furniture driving and loading/unloading a golf cart until the company shut down in 2001. (R. 187-88.) Plaintiff maintains that he is disabled due to a heart problem which causes shortness of breath, decreased stamina and fatigue on exertion. (R. 194-95.)

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

2

past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In the instant case the ALJ concluded plaintiff's nonischemic cardiomyopathy, poorly controlled hypertension and chronic obstructive pulmonary disease constituted severe impairments, but the did not, individually or in combintaion, meet or equal a listing. (R. 19.) Based upon cardiologist Ben P. Folk's October 2003 consultative examination of the plaintiff, the ALJ found plaintiff's residual functional capacity allowed him to lift and carry less than ten pounds, with no limitation of his ability to stand or walk, but no climbing, stooping, crouching, kneeling and crawling, and only occasional balancing, push/pulling and other environmental restrictions. (R. 16-17, 169-72.) Based upon these findings, a vocational expert ("VE") testified

---

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

3

that plaintiff could not return to his past relevant work. The VE testified that even if plaintiff were capable of performing only a limited range of sedentary and unskilled work, there nevertheless existed a significant number of other jobs in the national economy which plaintiff could perform. (R. 206.) Accordingly, the ALJ concluded plaintiff was not disabled, (R. 19), and the Appeals Council agreed. (R. 4.)

Plaintiff now makes two arguments to this court: (1) The ALJ erred in finding that plaintiff's impairments did not meet or equal a listing; and (2) the finding that plaintiff's residual functional capacity allowed him to perform a significant range of sedentary work is not supported by substantial evidence. The court is not persuaded by either argument, however. First, plaintiff's counsel does not provide any authority for his argument that plaintiff's impairments were of listing level, and, indeed, he does not even indicate which of the listings plaintiff is alleged to have met or equaled. The ALJ's written decision specifically mentioned Listing 4.01, which is the category of impairments to the cardiovascular system. 20 C.F.R. Part 404, Subpart P, App. 1, §§4.01-4.12. The burden of proof clearly rests upon the plaintiff at step three of the SEP, and plaintiff has failed to present any evidence on appeal to this court that indicates his impairments met or equaled any of the impairments listed in 4.01-4.12.

Moreover, the court is not convinced the finding that plaintiff could perform a range of sedentary work lacked substantial evidence. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). In this case, the ALJ based his RFC determination on the medical assessment of Dr. Folk, who found plaintiff could lift and carry less than ten pounds with other restrictions. (R.

4

169-72.) A review of the other medical evidence of record indicates that Folk's determination was fully supported by the evidence. Although plaintiff was hospitalized in March 2002 for congestive heart failure with pulmonary edema, he was discharged without surgery and prescribed a regimen of medication and given dietary restrictions. (R. 141.) At that time, his left ventricular ejection fraction was 20%, (R. 147), but that increased to 55% by July 2002. (R. 153.) The record also contains an RFC finding by a medical consultant that indicates plaintiff was actually less limited exertionally than Folk found, (R. 157-59), but out of an abundance of caution the ALJ gave controlling weight to Folk's RFC determination. (R. 16) Although Folk opined that it is "unlikely" plaintiff could perform work, (R. 169) this is a conclusion reserved for the Commissioner acting thorough the ALJ, and the testimony of the vocational expert in this case was sufficient to constitute substantial evidence that plaintiff could perform other jobs that exist in the national economy.[9] Accordingly, the undersigned concludes the commissioner's

---

[9]A VE's testimony, in response to a hypothetical question containing all of plaintiff's impairments, is itself substantial evidence to support the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). However, not only must a hypothetical question include all the plaintiff's impairments, there must also be substantial evidence to support the assumptions the ALJ made in posing the question to the vocational expert. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980) (citing *Stubbs v. Matthews*, 554 F.2d 1251 (5th Cir. 1977); *see* Arthur J. Fried, *A Disability Appeal Primer*, 9 SOC. SEC. REP. SERV. 971, 1003 (1985) (citations omitted) ("[W]here one of the hypotheses contained in the hypothetical question does not fit the facts of the case (that is, where there is no substantial evidence in the record to support a finding consistent with the hypotheses) . . . the answer to the question does not constitute substantial evidence to support a finding that the claimant is capable of engaging in substantial gainful activity."). The test in this circuit is whether the hypothetical question "can be said to incorporate reasonably all disabilities of the claimant" and whether "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question . . . ." *Bowling*, 36 F3d at 436. In electing to use this version of the test, the Fifth Circuit Court of Appeals expressly relied on and quoted an Eighth Circuit decision which held "[u]nless there is record evidence to adequately support [assumptions made by a vocational expert], the opinion expressed by the vocational expert is meaningless." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (second alteration in original); *Morse v. Shalala*, 16 F.3d 865, 874 (8th Cir. 1995)

decision should be affirmed and this case dismissed with prejudice. A separate final judgment in accordance with this opinion shall issue this day.

This the 19th day of May 2005.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE

---

("There is no medical evidence to support the ALJ's assumptions, and a hypothetical question based solely upon the ALJ's assumptions, without medical corroboration, is devoid of usefulness or meaning.") (citation omitted). Therefore, if substantial evidence does not support each of the hypotheses included in the question to the vocational expert, the expert's response does not provide substantial evidence to support a finding that plaintiff is not disabled.